**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2013

No. 12-31026

Lyle W. Cayce
Clerk

EDUARDO ALVARADO CHAVERRI; JAVIER ANTONIO C. MENA; FELIZ
PEDRO CHEVEZ; VICTOR JULIA LORIA RAMIREZ; OLMA MATARRITA;
ET AL

Plaintiffs - Appellants

v.

DOLE FOOD COMPANY INCORPORATED; DOLE FRESH FRUIT
COMPANY; STANDARD FRUIT COMPANY; STANDARD FRUIT &
STEAMSHIP COMPANY; DOW CHEMICAL COMPANY; OCCIDENTAL
CHEMICAL CORPORATION, individually & successor to Occidental
Chemical Company, & Occidental Chemical Agricultural Products,
Incorporated, Hooker Chemical & Plastics, Occidental Chemical of Texas,
Best Fertilizer Company; AMVAC CHEMICAL CORPORATION; SHELL OIL
COMPANY; CHIQUITA BRANDS INTERNATIONAL INCORPORATED;
CHIQUITA BRANDS INCORPORATED; MARITROP TRADING
CORPORATION; DEL MONTE FRESH PRODUCE, N.A.,

Defendants - Appellees

--------------------------------------------------------------------------------------------------------

TOBIAS BERMUDEZ CHAVEZ; GERARDO ANTONIO FONSECA TORRES;
FRANKLIN GUILLEN SALAZAR; GARCIA MONTES JOSE GABINO;
MARIANO DE LOS ANGELESS OBANDO PIZARRO; ET AL,

Plaintiffs - Appellants

v.

DOLE FOOD COMPANY INCORPORATED; DOLE FRESH FRUIT
COMPANY; STANDARD FRUIT COMPANY; STANDARD FRUIT &

No. 12-31026

STEAMSHIP COMPANY; DOW CHEMICAL COMPANY; OCCIDENTAL CHEMICAL CORPORATION, individually & successor to Occidental Chemical Company, & Occidental Chemical Agricultural Products, Incorporated, Hooker Chemical & Plastics, Occidental Chemical of Texas, Best Fertilizer Company; AMVAC CHEMICAL CORPORATION; CHIQUITA BRANDS INTERNATIONAL INCORPORATED; CHIQUITA BRANDS INCORPORATED; MARITROP TRADING CORPORATION; DEL MONTE FRESH PRODUCE, N.A., INCORPORATED; SHELL OIL COMPANY,

Defendants - Appellees

----------------------------------------------------------------------------------------------------

BERNARDO ABREGO JORIETO; SIMON ABREGO PINEDA; ONCHI ABREGO QUINTERO; DILVIO ALVAREZ MORENO; JUAN CHOLY APARICIO; ET AL,

Plaintiffs - Appellants

v.

DOLE FOOD COMPANY INCORPORATED; DOLE FRESH FRUIT COMPANY; STANDARD FRUIT COMPANY; STANDARD FRUIT & STEAMSHIP COMPANY; DOW CHEMICAL COMPANY; OCCIDENTAL CHEMICAL CORPORATION, individually & successor to Occidental Chemical Company, & Occidental Chemical Agricultural Products, Incorporated, Hooker Chemical & Plastics, Occidental Chemical of Texas, Best Fertilizer Company; AMVAC CHEMICAL CORPORATION; SHELL OIL COMPANY; CHIQUITA BRANDS INTERNATIONAL INCORPORATED; CHIQUITA BRANDS INCORPORATED; MARITROP TRADING CORPORATION; DEL MONTE FRESH PRODUCE, N.A., INCORPORATED,

Defendants - Appellees

----------------------------------------------------------------------------------------------------

ALVARADO ALFARO MIGUEL FRANCISCO; EDGAR ARROYO GONZALEZ; MARCELO COREA COREA; JOSE DIAZ BENAVIDEZ; GONZALEZ MARIN MARVIN, ET AL,

Plaintiffs - Appellants

v.

2

No. 12-31026

DOLE FOOD COMPANY INCORPORATED; DOLE FRESH FRUIT
COMPANY; STANDARD FRUIT COMPANY; STANDARD FRUIT &
STEAMSHIP COMPANY; DOW CHEMICAL COMPANY; OCCIDENTAL
CHEMICAL CORPORATION, individually & successor to Occidental
Chemical Company, & Occidental Chemical Agricultural Products,
Incorporated, Hooker Chemical & Plastics, Occidental Chemical of Texas,
Best Fertilizer Company; AMVAC CHEMICAL CORPORATION; SHELL OIL
COMPANY; CHIQUITA BRANDS INTERNATIONAL INCORPORATED;
CHIQUITA BRANDS INCORPORATED; MARITROP TRADING
CORPORATION; DEL MONTE FRESH PRODUCE, N.A., INCORPORATED,

Defendants - Appellees
--------------------------------------------------------------------------------------------------------------

JORGE LUIS AGUILAR MORA; CARLOS AGUIRRE ALVAREZ, also known
as Carlos Aguirre Flores Alvarez; JUAN JOSE ARGUELLO JIMINEZ;
JORGE BUSTOS OSES; RAFAEL BUSTOS BUSTOS; ET AL,

Plaintiffs - Appellants

v.

DOLE FOOD COMPANY INCORPORATED; DOLE FRESH FRUIT
COMPANY; STANDARD FRUIT COMPANY; STANDARD FRUIT &
STEAMSHIP COMPANY; DOW CHEMICAL COMPANY; OCCIDENTAL
CHEMICAL CORPORATION, individually & successor to Occidental
Chemical Company, & Occidental Chemical Agricultural Products,
Incorporated, Hooker Chemical & Plastics, Occidental Chemical of Texas,
Best Fertilizer Company; AMVAC CHEMICAL CORPORATION; SHELL OIL
COMPANY; CHIQUITA BRANDS INTERNATIONAL INCORPORATED;
CHIQUITA BRANDS INCORPORATED; MARITROP TRADING
CORPORATION; DEL MONTE FRESH PRODUCE, N.A., INCORPORATED,

Defendants - Appellees
--------------------------------------------------------------------------------------------------------------

GERMAN EDUARDO BRAVO VALDERRAMOS; EDWIN CERDAS MASIS;
JORGE LUIS CORDERO BAQUERO; JOHNNY ESPINOZA GAMBOA;
ESNEY HERNANDEZ FAJARDO; ET AL,

Plaintiffs - Appellants

3

No. 12-31026

v.

DOLE FOOD COMPANY INCORPORATED; DOLE FRESH FRUIT COMPANY; STANDARD FRUIT COMPANY; STANDARD FRUIT & STEAMSHIP COMPANY; DOW CHEMICAL COMPANY; OCCIDENTAL CHEMICAL CORPORATION, individually & successor to Occidental Chemical Company, & Occidental Chemical Agricultural Products, Incorporated, Hooker Chemical & Plastics, Occidental Chemical of Texas, Best Fertilizer Company; AMVAC CHEMICAL CORPORATION; SHELL OIL COMPANY; CHIQUITA BRANDS INTERNATIONAL INCORPORATED; CHIQUITA BRANDS INCORPORATED; MARITROP TRADING CORPORATION; DEL MONTE FRESH PRODUCE, N.A., INCORPORATED,

Defendants - Appellees

-------------------------------------------------------------------------------------------------------------

EDWIN AGUERO JIMENEZ; JORGE AGUERO RETANA; ALBERTO CONEJO CHACON; DIDIER CORDERO CISNEROS; ESTANISLAO CRUZ; ET AL,

Plaintiffs - Appellants

v.

DOLE FOOD COMPANY INCORPORATED; DOLE FRESH FRUIT COMPANY; STANDARD FRUIT COMPANY; STANDARD FRUIT & STEAMSHIP COMPANY; DOW CHEMICAL COMPANY; OCCIDENTAL CHEMICAL CORPORATION, individually & successor to Occidental Chemical Company, & Occidental Chemical Agricultural Products, Incorporated, Hooker Chemical & Plastics, Occidental Chemical of Texas, Best Fertilizer Company; AMVAC CHEMICAL CORPORATION; SHELL OIL COMPANY; CHIQUITA BRANDS INTERNATIONAL INCORPORATED; CHIQUITA BRANDS INCORPORATED; MARITROP TRADING CORPORATION; DEL MONTE FRESH PRODUCE, N.A., INCORPORATED,

Defendants - Appellees

No. 12-31026

---

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1289

---

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The plaintiffs appeal the district court's order dismissing their suit as time-barred under Louisiana's one-year prescriptive period. We AFFIRM.

FACTS AND PROCEDURAL HISTORY

The plaintiffs claim they were injured by the pesticide dibromo chloropropane ("DBCP"), to which they were exposed when working on banana farms in Costa Rica, Ecuador, and Panama between 1960 and 1992. The relevant background of the DBCP litigation across the United States as well as in other countries beginning in 1993 is described in significant detail in the district court's order dismissing this suit. *See Chaverri v. Dole Food Co., Inc.*, 896 F. Supp. 2d 556, 559-69 (E.D. La. 2012). The present appeal involves seven consolidated actions that 258 agricultural workers brought in the United States District Court for the Eastern District of Louisiana, filed between May 31 and June 2, 2011. We will use the lead plaintiff's name, Chaverri, to refer to all. The defendants in this action, whom we will collectively call "Dole Food," are entities alleged to have either manufactured, distributed, or used DBCP on the farms where the plaintiffs worked between 1960 and 1992.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31026

Dole Food filed a motion for summary judgment contending Chaverri's claims were time-barred, or "prescribed," under Louisiana law. The district court in this diversity suit applied Louisiana prescription rules. It determined that Chaverri's claims were facially prescribed. Even if prescription had been temporarily interrupted, such interruption ended long ago. The suit was now time-barred in Louisiana.

On appeal, Chaverri argues that a putative class action filed in Texas in 1993, later dismissed but then reinstated, has sufficiently interrupted prescription. Chaverri also asks for remand to the district court for consideration of a new decision by the Louisiana Supreme Court.

## DISCUSSION

This court reviews a district court's grant of summary judgment *de novo*, applying the same standard as did the district court. *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 344 (5th Cir. 2009). Summary judgment is appropriate if the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

*I. Application of Louisiana's prescription rules*

All plaintiffs allege they were exposed to DBCP at least 18 years before these lawsuits were filed in 2011. Accordingly, the district court held that all claims were facially prescribed under Louisiana's governing one-year prescriptive period. *See* LA. CIV. CODE art. 3492. Chaverri then had the burden of proving "suspension, interruption, or some exception to prescription . . . ." *Terrebonne Parish Sch. Bd. v. Mobil Oil*, 310 F.3d 870, 877 (5th Cir. 2002). To meet this burden, Chaverri argued that Louisiana courts would recognize the filing of putative class actions in other states – what the parties have labeled

cross-jurisdictional tolling – as a basis for interrupting prescription. The district court assumed without holding that a putative class action filed in federal court in Texas in 1993 interrupted prescription. The court held, though, that dismissal of that suit in 1995 would have caused the prescriptive period to begin anew. *See* LA. CIV. CODE ANN. art. 3463. After reviewing subsequent procedural events in that suit, the court concluded that Chaverri's claims were filed in 2011 well beyond Louisiana's one-year prescriptive period. Largely for the reasons expressed in the district court's well-reasoned opinion, we agree that Chaverri presented no facts relevant to any statute or caselaw to support that prescription was interrupted for a sufficient period of time. We will discuss below a new Louisiana Supreme Court precedent that Chaverri argues is relevant.

On appeal, Chaverri renews the arguments about the interruption of prescription and also advances a claim – which Dole Food contends is waived by Chaverri's failure to brief the issue in the district court – of issue preclusion. Chaverri argues that the Texas litigation has been interpreted by other courts around the country adversely to Dole Food, precluding the district court here from reaching a contrary decision. Issue preclusion, also known as collateral estoppel, requires that the same issue be presented in both the prior and current litigation. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). The district court in its thorough ruling discussed many of the other DBCP decisions. *See Chaverri*, 896 F. Supp. 2d at 561-62. Chaverri's arguments fail because none of the decisions address the specific issue presented in this case: did the putative class action in Texas interrupt prescription of Chaverri's 2011 claims under the specific Louisiana rules?

The other argument raised by Chaverri, and which Dole Food also contends was not raised in the district court, is that the district court's order violated the *Rooker-Feldman* doctrine. That doctrine prohibits a state-court loser from using a federal court to gain the equivalent of a reversal. *See Exxon*

No. 12-31026

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The motion for summary judgment in this case did not invite the district court to reverse any state-court judgment addressing prescription in Louisiana.

## II. *The Louisiana Supreme Court's decision in* Quinn

In its order granting summary judgment, the district court assumed for the purposes of its analysis that Louisiana recognized cross-jurisdictional interruption of prescription. After the district court's grant of summary judgment but before the appellate briefing here, the Louisiana Supreme Court issued a decision rejecting cross-jurisdictional interruption of prescription. *Quinn v. Louisiana Citizens Prop. Ins. Corp.*, – So.3d — , No. 2012-CC-0152, 2012 WL 5374255 (La. Nov. 2, 2012).

The *Quinn* court analyzed Article 596 of the Louisiana Code of Civil Procedure, which was adopted in 1997 and provides for suspension of prescription by the filing of class actions. *Quinn*, 2012 WL 5374255, at *6. The court held that the text of Article 596 was so closely tied to the specific procedures of Louisiana class actions that prescription could be suspended only by "putative class actions filed in Louisiana state courts." *Id.* at *7. At least since 1997, then, cross-jurisdictional tolling has not existed in Louisiana. Dole Food would have us go further and hold that the *Quinn* court's policy reasoning indicates such tolling has never been recognized. *See id.* at *8-9. It is not necessary to decide whether *Quinn* clearly addressed the state's law prior to 1997. It is enough that *Quinn* provides no analytical assistance to Chaverri. On the face of the complaint, Louisiana's one-year prescriptive period has expired. Under Louisiana law, Chaverri had the burden of establishing some rule of suspension, interruption, or other exception to save these facially-prescribed claims. *See Terrebonne Parish Sch. Bd.*, 310 F.3d at 877. *Quinn* makes it clear that class actions filed in other states no longer interrupt prescription and gives

8

no support to an argument that such suits ever would have done so. Therefore, Chaverri's burden remains unmet.

Chaverri seeks a remand to permit the district court to determine the relevance of *Quinn* and engage in a choice-of-law analysis. Chaverri contends that *Quinn* is expressly premised on a Louisiana statute and thus leaves open the question of its applicability to a federal court proceeding. We see no basis for remand. The district court sitting in diversity properly applied Louisiana's substantive law of prescription. *See, e.g.*, *Orleans Parish Sch. Bd. v. Asbestos Corp.*, 114 F.3d 66, 68 (5th Cir. 1997). Therefore a new choice-of-law analysis would be superfluous. There is no need for the district court to review the effect of *Quinn* as we have done so after full briefing by the parties.

AFFIRMED.