OPINION OF THE COURT
NYGAARD, Circuit Judge.
I.
The “first-filed rule” is a well-established policy of the federal courts that “[i]n *264 all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.” Smith v. McIver, 22 U.S. (9 Wheat) 532, 535, 6 L.Ed. 152 (1824). This rule permits the district courts, in their discretion, to stay, transfer or dismiss cases that are duplicates of those brought previously in other federal fora. See, e.g., Cedars-Sinai Med. Ctr., et al., v. Shalala, 125 F.3d 765, 769 (9th Cir.1997). Today, we are asked to review the contours of this rule and the discretion of the district courts under it.
II.
This appeal is but a facet of procedurally intricate litigation concerning the alleged misuse of the pesticide dibromochloropro-pane (DBCP) on banana farms throughout Central America. Litigation has been ongoing in various federal and state courts for decades. Appellants — more than two hundred foreign agricultural workers — allege they were exposed to DBCP beginning in the 1960’s and ending sometime in the 1980’s. They maintain that improper exposure to this pesticide is to blame for the numerous health problems they have endured. Litigation began in 1993 with the filing of a putative class against the Dole Food Company, Inc., and other related companies in Texas state court. To our knowledge, no court — federal or state— has ever reviewed the actual merits of Appellants’ claims. Instead, these matters have continued in various courts around the country on purely procedural questions. Not surprisingly, the procedural history associated with these cases is labyrinthine. Here, however, we confine our discussion to the procedural history of DBCP litigation that was recently undertaken in two states; Louisiana and Delaware.
A. The Louisiana Action: Chaverri et al. v. Dole Food Co., Inc., et al.
Numerous suits were filed in June of 2011 in the United States District Court for the Eastern District of Louisiana against Dole and others.[1] Among other things, this lawsuit alleged claims sounding in negligence, strict liability, and breach of implied warranty. The suits were consolidated and Dole moved for summary judgment.
On summary judgment, Dole argued that the Appellants’ claims were time-barred under Louisiana’s one-year statute of limitations. See La. Civ.Code Ann. art. 3492 (West, Westlaw through 2014 Regular Session). The District Court agreed and on September 17, 2012, granted Dole’s motion for summary judgment. The matter was appealed to the United States Court of Appeals for the Fifth Circuit on October 5, 2012. The appeal was actively prosecuted, with oral argument taking place on September 4, 2013. On September 19, 2013, the Court of Appeals for the Fifth Circuit affirmed the Louisiana District Court in an unpublished, per curiam opinion. See Chaverri v. Dole Food Co., 546 Fed.Appx. 409 (5th Cir.2014).
B. Delaware Federal Litigation: the Subject of This Dispute.
Meanwhile, on June 1, 2012, while Dole’s motion for summary judgment was pending in Louisiana District Court, the Appellants filed several actions in the United *265 States District Court for the District of Delaware. These Delaware actions were brought against the same defendants listed in the Louisiana litigation and contained the same causes of action.[2] Importantly, Appellants admit that the actions filed in Delaware were “materially identical lawsuits” to those filed a year earlier in Louisiana. Appellants’ Br. 12.
Dole Food Company filed a motion to dismiss the Delaware lawsuits on June 21, 2012, arguing for the application of the first-filed rule. This motion was joined by Dole Fresh Fruit Company, Standard Fruit Company, Standard Fruit & Steamship Company, and AMVAC Chemical Corporation (hereinafter “Dole Appel-lees”). The District Court agreed with the Dole Appellees and held that the first-filed rule applied to the Delaware cases. It then was faced with the discretionary decision whether to stay or dismiss the proceedings. The Delaware District Court dismissed the actions on August 21, 2012, reasoning that Appellants “filed in Delaware notwithstanding their choice to file first in Louisiana. Decisions have consequences; one fair bite at the apple is sufficient.” App. 19-20.
The day after the Delaware District Court dismissed Dole, Appellees Occidental Petroleum, Del Monte Produce N.A., Inc., Dow Chemical Co., and Shell Oil (hereinafter “Occidental Appellees”) likewise moved for dismissal based on the first-filed rule. On March 29, 2013, the District Court granted the Occidental Ap-pellees motion as well. Although final judgment had been entered in the District Court for Louisiana, ■ the District Court reasoned that the first-filed rule still applied because the case was on appeal to the Court of Appeals for the Fifth Circuit.
While Appellants’ appeal was pending in the Court of Appeals for the Fifth Circuit, Appellee Chiquita Brands International, Inc., moved to dismiss, arguing a lack of personal jurisdiction. Chiquita Brands LLC and Chiquita Fresh N.A. LLC moved for a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and to dismiss based on res judica-ta and statute of limitations grounds.[3] The Delaware District Court dismissed the claims against Chiquita Brands International on May 30, 2013, finding a lack of personal jurisdiction. Later, on September 19, 2013, the Delaware District Court dismissed the remaining two Chiquita defendants (Chiquita Brands, LLC and Chiquita Fresh N.A. LLC) based on the first-filed rule and closed the case.
III.
We review the District Court’s decision to apply the first-filed rule for an abuse of discretion. E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 972 (3d Cir.1988).[4] This means we cannot disturb the District Court’s decision “unless there is a definite and firm conviction that the [District Court] committed a clear error of judgment in the conclusion it reached.” Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir.1993) (internal citations and quotation marks omitted). We *266 see no clear error of judgment here and will affirm the District Court.
A. The First-Filed, Rule
The first-filed rule counsels deference to the suit that was filed first, when two lawsuits involving the same issues and parties are pending in separate federal district courts. Univ. of Pa., 850 F.2d at 971. We have been clear: where there is federal concurrent jurisdiction over a matter, “the court which first ha[d] possession of the subject must decide it.” Id. (quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir.1941) (internal citations and quotations marks omitted)). Appellants concede that they filed duplicative actions in the Delaware District Court, stating that the Delaware cases were “materially identical” to those they previously filed in Louisiana. Appellants’ Br. 12. Therefore, the pivotal question becomes whether concurrent jurisdiction existed at the time the Delaware actions were filed. We hold that it did.
Claims against the Appellees were filed in Louisiana District Court on June 1, 2011, and those same claims were filed against the same Appellees on June 1, 2012 in Delaware District Court. Therefore, concurrent jurisdiction existed on June 1, 2012 when the duplicative actions were filed.
The Appellants place great emphasis on the fact that the Louisiana cases were on appeal when the Delaware District Court dismissed the claims against the Occidental Appellees and two of the Chiquita Appellees. They argue that by the time the Delaware District Court dismissed the actions, concurrent jurisdiction no longer existed. But, as we see it, the procedural posture of the first-filed case on the date the second-filed actions were dismissed, is irrelevant to the analysis. The relevant point-in-time is the filing date of the duplicative action. If concurrent jurisdiction exists at that time, and the actions are truly duplicative, the first-filed rule can be invoked. This is what we meant when we held that “the court which first has possession of the subject must decide it.” Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir.1941) (quoting Smith, 22 U.S. at 535); Univ. of Pa., 850 F.2d at 971.
 A court obtains possession of a case through the filing of a complaint and the date of that filing, therefore, is the relevant inquiry under the first-filed rule. See, e.g., Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir.2013) (“The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case.” (internal.citation omitted)); Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir.1991) (“[T]he well-established ‘first-to-file rule,’ which allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court ... ”) (emphasis added). Analyzing a case under the first-filed rule requires a district court, in a sense, to take a snap-shot of the cases at a particular moment in time: the date of the filing of the second complaint. If, on the date of the filing of the second-filed complaint, the matters are duplicative, that is, materially on all fours, then a district court has the discretion to stay, transfer, or dismiss the second-filed matter. Here, materially identical cases against these same Appellees were pending in Louisiana District Court on June 1, 2012, the date the Appellants filed duplicative lawsuits in the Delaware District Court. Therefore, concurrent jurisdiction existed in June of 2012.
*267 B. The District Court’s Discretion and the Dismissal of the Delaware Actions-
The Appellants next argue that, even if the fírst-fíled rule was applicable, the Delaware District Court should have stayed or transferred the Delaware cases, and that dismissing them with prejudice instead was an abuse of discretion. Our dissenting colleague agrees with this argument. We, however, do not because such a position is in tension with the purposes of the rule and would result in a wrongful limitation on the scope of a district court’s' discretion to fashion an appropriate response to a second-filed action. The scope of the District Court’s discretion is very broad in these circumstances. As we said earlier, we will not find an abuse of discretion under the first-filed rule “unless there is a definite and firm conviction that the [District Court] committed a clear error of judgment in the conclusion it reached.” Hanover Potato Prods., 989 F.2d at 127 (internal citation and. quotation marks omitted).
The rationale underlying the first-filed rule is “to encourage! ] sound judicial administration and to promote! ] comity among the courts in the federal system.” Univ. of Pa., 850 F.3d at 971. The import of the first-filed rule is commonsensical: “[i]t is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals.” Crosley, 122 F.2d at 930. The Delaware District Court’s actions in this case are in line with the purposes of the rule. By dismissing these cases, the Delaware District Court “avoidfed] burdening the federal judiciary and ... prevented] the judicial embarrassment of conflicting judgments.” Univ. of Pa., 850 F.2d at 977 (citations omitted). Nor did the Delaware District Court act woodenly, inflexibly, or mechanically in its application of the rule. Id. at 972, 976. Instead, by dismissing these duplicative cases, the District Court avoided “the waste of judicial time and energy.” Crosley, 122 F.3d at 930.
Also, dismissal with prejudice is an appropriate response to the Appellants’ own litigation strategy. Three days after filing the Delaware lawsuits, the Appellants’ counsel informed the Louisiana District Court that the decision to file the duplica-tive law suits in Delaware District Court was strategic and that counsel recognized that: “the general rule is that duplicate cases in different federal judicial districts should not both proceed.” App. at 388 (citations omitted). Counsel then asked for the Louisiana District Court’s “indulgence over the next several months,” and did not move to stay or dismiss the actions pending in Louisiana federal court. Id. The Appellants felt it was “imperative” to preserve and protect their claims in Louisiana by filing duplicate cases in Delaware, admitting to the Louisiana District Court that they had also filed suit in Delaware because:
The Louisiana Supreme Court is expected to conclusively determine the [opt out] issue later this year and before the Delaware Supreme Court is likely to have the opportunity to squarely address the matter. If the [Louisiana] Supreme Court rules' that the Plaintiffs cases are not Prescribed, the Plaintiffs would elect to proceed in Louisiana because the prescription issue would have been conclusively determined. But if this Court and the Louisiana Supreme Court determine that the cases are in fact prescribed, then Plaintiffs can continue to pursue the merits of their claims in Delaware.
App. at 387. By their own acknowledgement then, Appellants were forum shop *268 ping. They wanted to keep the same litigation going in two different federal fora simultaneously to see in which one they would fare better. If the Louisiana Supreme Court ruled in their favor, then the Appellants would elect to proceed in Louisiana because that issue would have been settled. However, if the Louisiana District Court and the Supreme Court of Louisiana ruled against them on the statute of limitations issue, they would then continue their litigation in Delaware. The Appellants could have asked the Delaware District Court to stay their claims, but they did not. Just as we have held that forum shopping is' a basis for departing from the first-filed rule, see Univ. of Pa., 850 F.2d at 976, it can also be a basis for enforcing the rule. Here, the Appellants not only filed first, but filed second as well. This duplication of litigation was of their own making and it was not an abuse of discretion for the Delaware District Court to dismiss their second-filed complaint with prejudice, instead of staying the matter.
We are also concerned that finding error in the Delaware District Court’s dismissal here could create a “no dismissal” rule for these type of cases. That is, when faced with a second-filed action, a district court would only have discretion to stay or transfer while the first-filed action is pending. Such a rule, we believe, is inconsistent with our current jurisprudence, which clearly states that application of the first-filed rule be guided by principles of “fundamental fairness ... [and] dictates the need for fashioning a flexible response to the issue of concurrent jurisdiction.” Univ. of Pa., 850 F.2d at 977 (internal citation and quotation marks omitted). Dismissing a matter — with or without prejudice — is part of a flexible response. Therefore, because the first-filed rule is flexible in nature, it does not proscribe the remedy of dismissal, nor does it mandate the remedy of a stay or transfer. In fact, our jurisprudence far from imposes such bright-line rules. We have instructed that a district court is merely “bound to acknowledge these [equitable] principles” but the “term ‘discretion’ denotes the absence of a hard and fast rule.” Id. (internal citations and quotation marks omitted).
Here, the District Court acknowledged the relevant considerations of the first-filed rule, and was persuaded to dismiss the second-filed actions. The District Court weighed heavily that the Appellants were blatantly forum shopping and were attempting to get a second bite at the proverbial apple. We can say then, that the Delaware District Court’s calculation of “fundamental fairness” was guided by “what is right and equitable under the circumstances and the law,” especially in light of the fact that the Appellants’ attempt to evade Louisiana law “violates the equitable basis for the rule.” Id. at 977-78.
Further, it is well within a district court’s discretion to dismiss a second-filed action because a district court has an inherent power to control its docket and dismiss a duplicative action. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982) (“We will not interfere with a trial court’s control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.” (quotation marks omitted)); Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir.2000) (stating that a district court, “[a]s part of its general power to administer its docket ... may stay or dismiss a suit that is duplicative of another federal court suit.”). And, finding that the District Court abused its discretion here would require us to determine that it made a clear error in judgment, i.e., that it acted outside the scope of its discretion. Hanover Potato Prods., 989 F.2d at 127. To do so, we believe, would require us to retroactively limit the scope of a district court’s *269 discretion when faced with a second-filed action.
While the first-filed rule does admit some exceptions, there are none present in this case that warrant a departure from the rule. See Univ. of Pa., 850 F.2d at 976-977 (surveying the “proper bases for departing from the rule” and noting that the “letter and spirit of the ... rule ... are grounded on equitable principles”). Appellants bring several arguments as to why their Delaware actions should be exempt from the first-filed rule, but they are all unavailing. • First, Appellants argue that they should be exempted from the rule because invoking it would frustrate their choice of forum. This argument is nonsensical. Appellants chose to file in Louisiana first. Indeed, the Delaware District Court honored the Appellant’s choice of forum: Louisiana. The Appellants also argue that the first-filed rule does not apply because they filed both the Louisiana and Delaware themselves. It is true that most first-filed rule issues arise where a plaintiff files in one district and then the defendant counter-sues in another (or, for example, seeks a declaratory judgment in the second district). There is no authority, however, which holds that the first-filed rule only applies in cases where the filings are initiated by different parties. For the rule to apply, all that is necessary is for the later filed action to involve the same parties and issues that are already before another federal court. Univ. of Pa., 850 F.2d at 971-72 (citing Triangle Conduit & Cable Co. v. Nat’l Elec. Products Corp., 125 F.2d 1008, 1009 (3d Cir.1941)). It does not matter that the cases were commenced by the same party, in this case, the Appellants. Further, the principal reason for the first-filed rule is the avoidance of duplicative litigation, so it cannot matter whether the same party brought both suits — what matters is whether the second suit is duplicative of the first.
Next, Appellants maintain that the first-filed rule should not apply here because litigating this matter in Delaware makes “eminent sense.” Appellants’ Br. at 31. Perhaps there is some sense in litigating this matter in Delaware, but the Appellants chose not to do so, instead filing their complaint in Louisiana. As we have already determined, the Appellants filed a second, duplicative case in Delaware to hedge their bets against an unfavorable outcome in Louisiana. This is forum shopping, which never makes “eminent sense.” Id.
Finally, Appellants argue that their du-plicative Delaware filing is a “reasonable response” to the Appellees’ history of delaying tactics. A review of the record could reasonably leave one with the impression that the Appellees took full advantage of any opportunity to procedurally stall and/or delay these lawsuits over the decades. However, that is not a reason to abandon the first-filed rule. When reviewing the first-filed rule, we concern ourselves only with the two cases at issue— not any other procedural issues or history of related, but irrelevant litigation.
C. Appellee Chiquita Brands International and Personal Jurisdiction
In a separate order, the Delaware District Court held that it lacked personal jurisdiction over Appellee Chiquita Brands International, and granted its motion to dismiss. We review de novo the District Court’s dismissal for lack of personal jurisdiction, Eurofins Pharma U.S. Holdings v. BioAlliance Pharma S.A., 623 F.3d 147, 155 (3d Cir.2010), and we review the District Court’s decision denying the Appellants’ request to conduct jurisdictional discovery for an abuse of discretion. Id. at 157. We hold that the District Court did not err by dismissing Appellee Chiqui *270 ta for lack of personal jurisdiction and denying the Appellants jurisdictional discovery.
Two types of personal jurisdiction exist: general and specific. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction is present when a plaintiffs claim arises out of the defendant’s “continuous and systematic” contacts with the forum state. General jurisdiction can exist even if the cause of action is unrelated to the defendant’s activities in the forum state. Specific jurisdiction exists when the plaintiffs claim arises out of the defendant’s activities within the forum such that the defendant could reasonably anticipate being hauled into the state’s courts. Vetrotex Certainteed Corp. v. Consl. Fiber Glass Prods. Co., 75 F.3d 147, 151 (3d Cir.1995). Appellants make no argument that the District Court had specific personal jurisdiction over Chiquita Brands.
Recently, the United States Supreme Court reviewed the requirements to establish general jurisdiction in Daimler AG v. Bauman, — U.S. -, 134 S.Ct. 746, 760-61, 187 L.Ed.2d 624 (2014). There, the Supreme Court noted that when determining general jurisdiction, the appropriate consideration is whether a defendant’s “ ‘affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.’ ” Id. at 761 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. -, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011)) (alteration in original). The Supreme Court pointed out that for a corporation, “the place of incorporation and principal place of business” are where it is “at home” and are, therefore, the paradig[m] bases for jurisdiction. Id. at 760 (internal citations and quotation marks omitted). Goodyear, therefore, makes it “incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.” Monkton Ins. Services, Ltd. v. Ritter, 768 F.3d 429, 432 (5th Cir.2014) (citations omitted). Chiquita Brands International argues that it was never ‘at home’ in Delaware, and we agree. The company is not incorporated in Delaware and does not maintain an office there. Nor, we note, does the company supervise its business from that state. Indeed, as the Delaware District Court found, Chiquita is a national company and its products are found across the country. In Goodyear, the Supreme Court seems to reject the idea that national corporations are subject to general jurisdiction throughout the country. Goodyear, 131 S.Ct. at 2855-56.[5]
Nothing on the record suggests that Chiquita Brands International is any more active in Delaware than it is in other states. Nor do any of its activities in moving and selling its products lead to a finding that its principal place of business is Delaware. The District Court, therefore, correctly dismissed this Appellee for a lack of personal jurisdiction.[6]
IV.
In the end, we simply cannot say that the District Court abused its discretion in dismissing this case with prejudice. A district court’s discretion is necessarily *271 broad so as to handle the concerns associated with forum shopping and the first-filed rule. This discretion must include the ability to dismiss a case with prejudice, especially in a case such as this one where a party’s forum shopping is so clearly on display. Therefore, and in light of the foregoing, we conclude that the Delaware District Court did not abuse its discretion in dismissing the Appellants’ actions in favor of the first-filed litigation in Louisiana. We also find no error in the Delaware District Court’s dismissal of Appellee Chiquita Brands International for a lack of jurisdiction. Therefore, for the foregoing reasons, we will affirm the Delaware District Court’s orders.

. Named as defendants in the Louisiana action were Dole Food Company, Inc.; Dole Fresh Fruit Company; Standard Fruit Company; Standard Fruit and Steamship Company, Del Monte Fresh Produce N.A., Inc., Chiquita Brands International, Chiquita Brands, Inc., Maritrop Trading Corporation, Dow Chemical Company, Occidental Chemical Company, Amvaco Chemical Company and Shell Oil Company. All of these entities joined in a motion to for summary judgment based on statute of limitations grounds. For simplicity, we will refer to this group of defendants as "Dole.”

.The set of defendants in this litigation are Dole Food Company, Inc.; Dole Fresh Fruit Company; Standard Fruit Company; Standard Fruit & Steamship Company; AMVAC Chemical Corp.; Del Monte Fresh Produce N.A., Inc.; Chiquita Brands International, Inc.; Chiquita Brands, LLC; The Dow Chemical Company; Occidental Chemical Corp.; and Shell Oil Company.

. Chiquita Brands International, Inc., joined in these motions, but only in the alternative in the event the District Court denied its motion to dismiss based on personal jurisdiction.

. The District Court exercised jurisdiction under 28 U.S.C. § 1332(a). We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

. Nor, as the Appellants suggest, does maintaining an interactive website subject a national corporation to general jurisdiction in a particular state. We have specifically held that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world.” Toys "R" Us, Inc., v. Step Two S.A., 318 F.3d 446, 454 (3d Cir.2003).

. We also reject the Appellants' contention that the District Court abused its discretion in denying discovery for purposes of establishing jurisdiction.