IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LUIS ANTONIO AGUILAR MARQUINEZ et al., | § § § | No. 231, 2017 |
| Plaintiffs Below, Appellant, | § § § § | On Acceptance of Petition for Certification by The United States Court of Appeals for the |
| v. | § § | Third Circuit (No. 14-4245) |
| THE DOW CHEMICAL COMPANY et al., | § § § | There on appeal from the United States District Court for the District of Delaware |
| Defendants Below, Appellee. | § § § | (Nos. 12-CV-695, 12-CV-696) |

Submitted: January 30, 2018
Decided: March 15, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

Upon appeal from The United States Court of Appeals from the Third Circuit.
**CERTIFIED QUESTION ANSWERED**

Barbara H. Stratton, Esquire, Wilmington, Delaware, Jonathan S. Massey, Esquire, (*argued*), Washington, D.C., and Scott M. Hendler, Esquire, Austin, Texas, for Appellants.

Donald E. Reid, Esquire, Wilmington, Delaware, Michael L. Brem, Houston, Texas, (*argued*), James W. Semple, Esquire, Wilmington, Delaware, Boaz S. Morag, Esquire, New York, New York, Timothy Jay Houseal, Esquire, Wilmington, Delaware, D. Ferguson McNeil, Esquire, Houston, Texas, Lisa C. McLaughlin, Esquire, Wilmington, Delaware, Adam V. Orlacchio, Esquire, Wilmington, Delaware, and Kelly E. Farnan, Esquire, Wilmington, Delaware, for Appellees.

**VAUGHN**, Justice:

The United States Court of Appeals for the Third Circuit certified the following question of law to this Court in accordance with the Delaware Constitution, Article IV, § 11(8)(a) and Delaware Supreme Court Rule 41:

> Does class action tolling end when a federal district court dismisses a matter for *forum non conveniens* and, consequently, denies as moot "all pending motions," which include the motion for class certification, even where the dismissal incorporated a return jurisdiction clause stating that "the court will resume jurisdiction over the action as if the case had never been dismissed for f.n.c.," *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1375 (S.D. Tex. 1995)? If it did not end at that time, when did it end based on the procedural history set forth above?

By order dated June 16, 2017, this Court accepted the certified question. For the reasons that follow, we answer the certified question as follows: No, the federal district court dismissal in 1995 on grounds of *forum non conveniens* and consequent denial as moot of "all pending motions," including the motion for class certification, did not end class action tolling. Class action tolling ended when class action certification was denied in Texas state court on June 3, 2010.

## FACTS AND PROCEDURAL HISTORY[1]

The plaintiff-appellants ("the plaintiffs") worked on banana plantations in Costa Rica, Ecuador and Panama at various times in the 1970s and 1980s. The

---

[1] The facts and procedural history are recited for the most part *verbatim* from the Third Circuit's certification request. *Marquinez v. Dole Food Co., Inc.*, No. 14-4245 (3d Cir. June 2, 2017).

defendants-appellees ("the defendants") include United States corporations that manufactured and distributed a pesticide called dibromochloropropane ("DBCP"), and other United States corporations that owned and operated the banana plantations. The plaintiffs allege that they suffered adverse health consequences from exposure to DBCP while working on the banana plantations.

In 1993, a putative class action lawsuit was filed in state court in Texas as *Jorge Carcamo v. Shell Oil Co.*, No. 93-C-2290 (Brazoria County, Texas). The plaintiffs here were members of the putative class. The putative class included "[a]ll persons exposed to DBCP or DBCP containing products, designed, manufactured, marketed, distributed or used by [defendants] between 1965 and 1990" in 25 countries (including Costa Rica, Ecuador and Panama).

Before a decision was made on class certification, defendants impleaded a company partially owned by the State of Israel, and used its joinder as a basis to remove the case to federal court under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1330. The FSIA was the only basis for federal jurisdiction.

After removal, *Carcamo* was consolidated with other DBCP-related class actions in the United States District Court for the Southern District of Texas. The cases were consolidated as *Delgado v. Shell Oil Co.*, Civil Action No. H-94-1337. Defendants moved to dismiss the consolidated cases for *forum non conveniens.*

On July 11, 1995, the Texas District Court granted defendants' motion and dismissed the putative class action for *forum non conveniens* ("*Delgado I*").[2] The opinion and order included a "return jurisdiction" clause:

> Notwithstanding the dismissals that may result from this Memorandum and Order, in the event that the highest court of any foreign country finally affirms the dismissal for lack of jurisdiction of any action commenced by a plaintiff in these actions in his home country or the country in which he was injured, that plaintiff may return to this court and, upon proper motion, the court will resume jurisdiction over the action as if the case had never been dismissed for f.n.c.[3]

The opinion and order also denied other motions, which arguably included plaintiffs' request for class certification:

> In addition to defendants' motion to dismiss for f.n.c. a number of other motions are pending. . . . [A]ll pending motions . . . not otherwise expressly addressed in this Memorandum and Order are DENIED as MOOT.[4]

The *Delgado I* court entered a final judgment on October 27, 1995, which included an injunction enjoining plaintiffs and anyone acting in concert with them from commencing new DBCP-related litigation in any court in the United States ("*Delgado I* Final Judgment"). The plaintiffs appealed the *Delgado I* Final Judgment, challenging only the court's subject matter jurisdiction under the FSIA.

---

[2] *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1372–73 (S.D. Tex. 1995).

[3] *Id.* at 1375.

[4] *Id.* Although no motion for class certification had been filed in the district court, a class certification motion was filed in the state court before removal. The district court noted in its dismissal opinion that "plaintiffs have sought class certification in several of the pending actions." *Id.* at 1368.

4

On October 19, 2000, the United States Court of Appeals for the Fifth Circuit held that the Texas District Court properly exercised subject matter jurisdiction over the consolidated cases.[5] The United States Supreme Court denied plaintiffs' petition for writ of certiorari on April 16, 2001.[6] On February 24, 2003, the United States Supreme Court denied plaintiffs' motion for leave to file a petition for rehearing.[7]

After they were unable to prosecute their claims in other countries, several of the original plaintiffs in *Delgado* moved for reinstatement in the Texas District Court pursuant to the return jurisdiction clause of *Delgado I*. While that motion was pending, the United States Supreme Court held in *Dole Food Co. v. Patrickson*, another DBCP action, that the FSIA does not create exclusive federal jurisdiction over a case involving a foreign corporate defendant unless "the foreign state itself owns a majority of the corporation's shares."[8] The Court's decision in *Patrickson* meant that the jurisdictional basis on which *Carcamo* had been removed to the Texas District Court was invalid.

Following *Patrickson*, the Texas District Court remanded the cases to Texas state court to consider the plaintiffs' rights under the return jurisdiction provision of the *Delgado I* dismissal.[9] Back in Texas state court, defendants petitioned the Court

---

[5] *Delgado v. Shell Oil Co. (Delgado II)*, 231 F.3d 165, 169 (5th Cir. 2000).
[6] 532 U.S. 972 (2001).
[7] 537 U.S. 1229 (2003).
[8] 538 U.S. 468, 477 (2003).
[9] *Delgado v. Shell Oil Co. (Delgado III),* 322 F. Supp. 2d 798, 817 (S.D. Tex. 2004).

of Appeals of Texas for a writ of mandamus to terminate the litigation, claiming the plaintiffs failed to comply with the return clause.[10] The petition was denied because, according to the Texas Court of Appeals, the *Delgado I* court's order dismissing the case for *forum non conveniens* was void for lack of subject matter jurisdiction.[11]

Following that decision, a subset of the original plaintiffs again moved in Texas state court for class certification under Texas law. The defendants again removed the matter to the Texas District Court, arguing that the motion for class certification in state court "commences a new action" and was therefore subject to the Class Action Fairness Act of 2005 (CAFA).[12] The Texas District Court remanded the matter to Texas state court, holding that the matter was not subject to CAFA because the class action "commenced with the filing of the state-court petition in 1993" and "ha[d] been pending in one forum or another since 1993."[13] On June 3, 2010, class certification was denied in Texas state court.

Following denial of class certification in Texas state court, three different lawsuits, including this case, were filed in Delaware.

---

[10] *In re Standard Fruit Co.*, 2005 WL 22304246, at *1 (Tex. App. Sept. 13, 2005).
[11] *Id.*
[12] *Carcamo v. Shell Oil Co.*, No. G-09-258, at 4 (S.D. Tex. Dec. 18, 2009).
[13] *Id.* at 5.

On July 21, 2011, Jose Rufino Canales Blanco filed suit on behalf only of himself in the Superior Court of Delaware. The further procedural history of that case is discussed below.

On June 1, 2012 Tobias Bermudez Chavez and others filed a lawsuit in the United States District Court for the District of Delaware. A year before filing that suit, however, the same plaintiffs had filed a nearly identical suit in the United States District Court for the Eastern District of Louisiana. As a result, the Delaware District Court dismissed the case under the "first-filed rule," which defers jurisdiction of a case filed in two different district courts to the forum where the case was first filed.[14] Although a panel of the United States Court of Appeals for the Third Circuit affirmed the dismissal,[15] that decision was reversed by the full Court.[16] The Third Circuit held "that the Delaware District Court abused its discretion under the first-filed rule by dismissing the[] cases with prejudice."[17]

On May 31, 2012, Luis Antonio Aguilar Marquinez and others filed a lawsuit in the United States District Court for the District of Delaware. Fourteen of the plaintiffs had previously filed identical lawsuits in either the Eastern District of Louisiana or in Louisiana state court. As in *Chavez*, the Delaware District Court

---

[14] *Chavez v. Dole Food Co.*, 2012 WL 3600307, at *1 (D. Del. Aug. 21, 2012).
[15] *Chavez v. Dole Food Co.*, 796 F.3d 261 (3d Cir. 2015).
[16] *Chavez v. Dole Food Co.*, 836 F.3d 205 (3d Cir. 2016) (en banc).
[17] *Id*. at 222.

7

dismissed the plaintiffs' claims under the first-filed rule. The District Court later granted summary judgment to defendants as against the remaining plaintiffs, holding that class action tolling stopped in July 1995 when the *Delgado I* court dismissed the case for *forum non conveniens*.[18] Plaintiffs appealed to the Third Circuit.

In the appeal in the Third Circuit, the plaintiffs (one of the fourteen dismissed on first-filed grounds and 56 of the other plaintiffs) argue that the Delaware District Court erred by holding that the July 1995 *Delgado I* opinion and order ended class action tolling. In the alternative, defendants argue that, at the very latest, class action tolling ended with the October 1995 *Delgado I* Final Judgment.

It is with this procedural background that we turn to the certified question.

## PARTIES' CONTENTIONS

The plaintiffs contend that this Court should answer the certified question by holding that, under Delaware law, the tolling period initiated by the filing of a putative class action concludes only with a clear, specific, and unambiguous order ending the class claims. Under this standard, they contend class action tolling in this case was not terminated by the Texas District Court's July 1995 opinion and order or the October 1995 *Delgado I* Final Judgment. Instead, class action tolling terminated on June 3, 2010 when the Texas state court denied class certification. The 1995 *Delgado I* opinion and order and the *Delgado I* Final Judgment, they

---

[18] *Marquinez v. Dole Food Co.*, 45 F. Supp. 3d 420, 423 (D. Del. 2014).

contend, did not specifically rule on a motion for class certification. The return jurisdiction clause in the *Delgado I* opinion and order provided that if a foreign forum did not prove adequate, the action would be reinstated "as if the case had never been dismissed." The Texas District Court, they contend, thus created a procedure for the plaintiffs' claims to return to the Texas District Court in the form in which they existed prior to being dismissed (i.e. as a putative class) in the event the foreign forums proved inadequate.

The defendants contend that this Court should answer the certified question in the affirmative by holding that the tolling period initiated by the filing of a class action complaint ends once it is no longer objectively reasonable for absent class members to rely on the putative action to protect their individual rights. They contend that under that legal standard, the tolling provided by the Texas class action terminated at the latest in 1995 with the *Delgado I* Final Judgment dismissing the consolidated action in favor of litigation in plaintiffs' home countries. They reason that after entry of *Delgado I* Final Judgment, no putative class member could reasonably have believed his or her interests were still being protected by the putative class representatives. They further contend that the rights established by the return jurisdiction clause were limited to the individually-named plaintiffs in *Delgado*, and relief under the return jurisdiction clause did not revive class claims.

9

Moreover, according to the defendants, the clause anticipated a mere possibility that a reinstatement could occur at some unspecified date in the future.

## DISCUSSION

In *Dow Chemical Corp. v. Blanco*, this Court held that Delaware recognizes the concept of cross-jurisdictional tolling.[19] The plaintiff in that case was Jose Rufino Canales Blanco, who, like the plaintiffs here, had been a member of the putative class in *Jorge Carcamo v. Shell Oil Co.* in Texas. *Dow Chemical* came to this Court as a certified question of law in an interlocutory appeal from the Superior Court. The certified question was a narrow one, asking only whether Delaware recognizes the concept of cross-jurisdictional tolling.

Relying on the United States Supreme Court's rationale in *American Pipe & Construction Co. v. Utah*,[20] this Court reasoned that Delaware law favors broad tolling principles in order to promote judicial economy and forestall the preemptive filing of individual lawsuits:

> Reading *American Pipe* too narrowly would defeat an important purpose of a class action, which is to promote judicial economy. Allowing cross-jurisdictional tolling recognizes and gives effect to the proposition that the policy considerations underlying our statute of limitations are met by the filling of a class action. Cross-jurisdictional tolling also discourages duplicative litigation of cases within the jurisdiction of our courts. If members of a putative class cannot rely on the class action tolling exception to toll the statute of limitations, they

---

[19] 67 A.3d 392 (Del. 2013).
[20] 414 U.S. 538 (1974).

10

will be forced to file "placeholder" lawsuits to preserve their claims. This would result in wasteful and duplicative litigation.[21]

The Court also drew upon its earlier case of *Reid v. Spazio*, which recognized tolling under Delaware's Savings Statute during a period when a discretionary appeal was pending in an action filed in another state.[22]   It quoted with approval the following passage from *Reid v. Spazio:*

> [A]llowing a plaintiff to bring his case to a full resolution in one forum before starting the clock on his time to file in this State will discourage placeholder suits, thereby furthering judicial economy.  Prosecuting separate, concurrent lawsuits in two jurisdictions is wasteful and inefficient. . . .  [And,] the prejudice to defendants is slight because in most cases, a defendant will be on notice that the plaintiff intends to press his claims.[23]

Responding to a defense contention that cross-jurisdictional tolling would open the floodgates to suits brought by opportunistic plaintiffs, the Court returned to the subject of placeholder suits:

> But the potential for litigation in Delaware exists whether or not cross-jurisdictional tolling is recognized.  If we do not recognize cross-jurisdictional tolling, putative class members will still be incentivized to file placeholder actions in Delaware to protect their interests in the event that the putative class is not certified.[24]

Since *Dow Chemical* involved only a narrow certified question of law, our Court did not consider whether the statute of limitations was or was not tolled on the

---

[21] *Dow Chemical*, 67 A.3d at 395.
[22] 10 *Del. C.* § 8118.
[23] *Reid v. Spazio*, 970 A.2d 176, 181–82 (Del. 2009).
[24] *Dow Chemical*, 67 A.3d at 397.

11

facts of that case, or articulate a rule for determining when class action tolling ends.

The Superior Court had, however, ruled on the issue:

> Defendants' first claim is that the 1995 dismissal ended any tolling of the statute of limitations, which, therefore, would have expired well before this present action was filed. This argument fails on three independent grounds. First, Judge Lake's dismissal was based entirely on *forum non conveniens,* which is emphatically not a decision on the merits in the Fifth Circuit. Second, the dismissal included a "return jurisdiction" clause as mandated by Fifth Circuit precedent. A dismissal conditioned on a right of return is logically equivalent to a stay of the action. Under Delaware law where a stay is entered here on the grounds of *forum non conveniens*, but jurisdiction is retained, it necessarily operates to toll a statute of limitations. Third, the dismissal on the grounds of *forum non conveniens* rendered moot the pending request for class certification.[25]

The plaintiffs urge us to adopt a rule that class action tolling terminates only where there is a clear, specific, and unambiguous order ending the class claims. The defendants urge us to adopt a rule that tolling ends once it is no longer objectively reasonable for absent class members to rely on the putative class action to protect their individual rights.[26] Under this rule, the defendants argue, the members of the putative class, including the plaintiffs, had no objectively reasonable basis to assume that their rights were still being protected by the Texas proceeding after the district court entered final judgment dismissing the case on October 27, 1995.

---

[25] *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *12. (Del. Super. Aug. 12, 2012) (footnotes omitted).
[26] *See Bridges v. Dep't of Md. State Police*, 441 F.3d 197 (4th Cir. 2006).

12

We embrace the parties' crystallization of the issue before us, and view ourselves asked to decide which of these rules Delaware law would embrace to address the underlying cases.[27] We agree with both parties that a clear and unambiguous rule avoids uncertainty over the starting and ending dates for statutes of limitation in cross-jurisdictional class action tolling cases. Thus, we adopt a rule that furthers the certainty interest—cross-jurisdictional class action tolling ends only when a sister trial court has clearly, unambiguously, and finally denied class action status. Such an approach is consistent with *Dow Chemical's* rationale of avoiding "wasteful and duplicative litigation."[28] A member of a putative class should not have to deal with ambiguity in deciding whether class action tolling has ended, and

---

[27] As can be seen, we have reframed the question before us to be a pure question of law. Under this Court's rule governing the process of answering certified questions, Rule 41, we are not empowered to engage in fact findings when we answer a certified question like this. Del. Sup. Ct. R. 41(b) ("A certification will not be accepted if facts material to the issue certified are in dispute."). To be candid, there was considerable concern among us about whether we could answer this question because of the parties' sharply different interpretations of various court orders and other facts. It is clear from the parties' briefs, their referral of us to the stipulated record in another court, and the apt description of the factual background of this case as "baroque" by one of our federal colleagues, that determining whether the plaintiffs in this case could have reasonably relied on the Texas proceeding to protect their interests would have required this Court to make findings of fact. Oral Argument at 10:01–10:07, 47:36–47:50, *Marquinez v. Dow Chemical* (No. 231, 2017), *available at* https://livestream.com/accounts/5969852/events/8016608/videos/1687025 57/player (parties referring this Court to the stipulated procedural history in *Chavez*); *Chavez v. Occidental Chem. Corp.*, 2018 WL 352810, at *2 (S.D.N.Y. Jan. 10, 2018). Because we all agree that there was nothing clear about what took place between when the Texas District Court dismissed *Delgado I* in 1995 and when that court revived and remanded two of *Delgado I*'s consolidated cases to Texas state court in 2004, we have reformulated the question before us, so as to be helpful to our federal colleagues. In the future, we would hope that the parties would agree upon the stipulated facts and frame a specific question of law based upon them, as Rule 41 contemplates.

[28] *Dow Chemical*, 67 A.3d at 395.

13

the consequent waste of judicial resources by filing a protective action to avoid risking later dismissal on statute of limitations grounds. Under our formulation of the rule, class action tolling in the instant case did not end until the Texas state court denied class certification on June 3, 2010.

In its July 1995 opinion, the District Court expressly provided that if a named plaintiff in the class action filed suit in his home country or the country in which he was injured, and the highest court in that country affirmed a dismissal for lack of jurisdiction, "the court *will* resume jurisdiction over the action *as if the case had never been dismissed* for f.n.c."[29] A resumption of jurisdiction over the "action as if the case had never been dismissed," it seems to us, includes resumption of jurisdiction over the putative class action.

The rationale for the return jurisdiction clause was discussed in the body of the opinion. One of the conditions of the Texas District Court's dismissal in *Delgado I* was that the defendants waive any jurisdictional defenses to suit in the plaintiffs' home countries. In opposing dismissal on the grounds of *forum non conveniens*, the plaintiffs argued, however, "that consent by defendants may not be sufficient because the courts in several of their home countries will decline to exercise jurisdiction over consenting defendants because plaintiffs initiated the action

---

[29] *Delgado I*, 890 F. Supp. at 1375 (emphasis added).

elsewhere."[30] The Texas District Court established a safeguard against this concern, using the following language:

> To ensure availability of an alternative forum in the event that defendants' motion is ultimately successful the court will condition dismissal not only on the defendants' and third-party defendants' stipulation to waive all jurisdictional and limitations defenses but also upon acceptance of jurisdiction by the foreign courts involved in these cases.[31]

The *Delgado I* Final Judgment was entered after the defendants had satisfied certain conditions of dismissal. It stated that it was being entered "in accordance with" the Texas District Court's opinion and order of July 11, 1995, and did not alter the return jurisdiction clause.

On April 1, 1996, less than six months after the October 1995 dismissal, the Costa Rican plaintiffs sought reinstatement of the case in the Texas District Court on the grounds that claims they filed in Costa Rica had been dismissed for want of jurisdiction by the highest court of Costa Rica. Because the appellate process in *Delgado* was ongoing, the Texas District Court did not rule upon the motion on the merits when it was filed in 1996. After the appeals process had finally run its course in 2003, and after it was determined in *Dole v. Patrickson* that same year that the Texas District Court lacked jurisdiction over the case, the Costa Rican plaintiffs' filed a Motion to Remand for Ruling on Request for Return Jurisdiction. The Texas

---

[30] *Id*. at 1356.
[31] *Id*. at 1357.

District Court ruled on the motion in a June 21, 2004 opinion and discussed the effect of its 1995 opinion and orders.[32]

The 2004 opinion and remand order was issued by the same judge who issued the 1995 opinion and orders dismissing the case on the grounds of *forum non conveniens*. He discussed how and why the case came back to him:

> Alleging that their claims have been dismissed for want of jurisdiction by the highest court of Costa Rica, Costa Rican plaintiffs seek to have their claims reinstated in an American court pursuant to the return jurisdiction clause contained in the court's Memorandum and Order of July 11, 1995. . . . Costa Rican plaintiffs filed their Motion for Reinstatement of Claims by Plaintiffs from Costa Rica on April 1, 1996. . . . On February 20, 1997, the court entered an Order . . . denying plaintiffs' motion to reinstate "without prejudice to being reinstated as fully briefed upon the issuance of a mandate from the Fifth Circuit affirming the court's final judgment."[33]

He described the dismissal as conditional, stating "[t]he court conditionally granted defendants' motion to dismiss under the doctrine of forum non conveniens."[34] He further described the 1995 dismissal and the effect of the return clause:

> Because the return jurisdiction clause expressly provides that plaintiffs are to seek return via motion filed in this court, the court concludes that plaintiffs' filing (or reassertion) of their motion to reinstate is a direct continuation of the prior proceedings over which the court expressly stated its intent to retain jurisdiction.[35]

---

[32] *Delgado III*, 322 F. Supp. 2d 798 (S.D. Tex. 2004).
[33] *Id.* at 801–02 (citations omitted).
[34] *Id.* at 801.
[35] *Id.* at 813.

16

He further stated that the "f.n.c. dismissal entered in this case was 'final' only for purposes of appealing the court's f.n.c. decision."[36]

The judge's 2004 discussion of the nature and effect of his 1995 opinion and orders is one reasonable way of reading the language of the July 1995 opinion. It confirms that the court retained jurisdiction to reinstate the case if the foreign courts did not accept jurisdiction and that a motion to reinstate would be a continuation of the case—points which can be considered as plausibly grounded in the 1995 opinion and orders themselves. The Texas District Court did not address the class action on the merits in its earlier opinion and orders. There were known doubts about whether the foreign courts would exercise jurisdiction over the plaintiffs' claims, doubts which proved true.[37] Under these circumstances, we conclude that the 1995 dismissal did not clearly and unambiguously end the class action as a final matter. Therefore, class-action tolling did not end in 1995.

Two appellate decisions have been brought to our attention which address the effect of the July 1995 *Delgado I* opinion and order and the *Delgado I* Final Judgment. One is a Fifth Circuit Court of Appeals case, *Chaverri v. Dole Food Co.*

---

[36] *Id.* at 816.

[37] Many Latin American countries apply the doctrine of preemptive jurisdiction. Under that doctrine, the filing of suit in one forum extinguishes the jurisdiction of any other forum. At oral argument, counsel for the plaintiffs confirmed that the Costa Rican courts refused to accept jurisdiction under the doctrine of preemptive jurisdiction. *See generally*, Rajeev Muttreja, *How to Fix the Inconsistent Application of Forum Non Conveniens to Latin American Jurisdiction And Why Consistency May Not Be Enough*, 83 N.Y.U. L. REV. 1607 (2008).

17

*Inc.*, which affirmed a decision of the District Court for the Eastern District of Louisiana.[38] Applying principles of Louisiana state law, the District Court found that the denial of the motion for class certification as moot in the July 1995 *Delgado I* opinion and order ended class tolling.[39] It also found that entry of *Delgado I* Final Judgment in October 1995 "absolutely stopped the pendency of the case" and restarted the prescriptive period.[40] According to the District Court, the Louisiana courts do not "make a distinction based upon the type or manner of denial, nor [do] they require that the denial be on the merits."[41]

The other case is from the Supreme Court of Hawai'i.[42] In that case the plaintiffs' complaint was filed on October 3, 1997. The statute of limitations was two years. The trial court granted partial summary judgment against the plaintiffs on statute of limitations grounds. The Intermediate Court of Appeals affirmed the trial court.

> Two questions were presented to the Hawai'i Supreme Court on certiorari:
>
> Whether an order entered on July 11, 1995—purportedly dismissing the prior class action—that explicitly did not take effect until October [27], 1995 operates to bar Petitioners' October 3, 1997 lawsuit on limitations grounds.

---

[38] *Chaverri v. Dole Food Co., Inc.*, 546 F. App'x 409 (5th Cir. 2013) (per curiam).
[39] *Chaverri v. Dole Food Co., Inc.*, 896 F. Supp. 2d 556, 568 (E.D. La. 2012).
[40] *Id.* at 569.
[41] *Id.*
[42] *Patrickson v. Dole Food Co., Inc.*, 368 P.3d 959 (Haw. 2015).

> Whether an administrative "housekeeping" order included in a forum non conveniens order denying "all pending motions" as "moot"— without specifying those pending motions—put putative class members on notice that class action tolling had ended.[43]

The defendants argued that class action tolling ended on July 11, 1995, when the Texas District Court denied "all other pending motions as moot." The plaintiffs argued that the July 11, 1995 order denying "all pending motions as moot did not take effect until when final judgment was entered on October 27, 1995."

The Hawai'i Supreme Court held "that the pendency of a class action in another jurisdiction operates to toll our state's applicable statute(s) of limitations until the court in our sister jurisdiction issues an order expressly denying a motion for class certification (or expressly denying the last such motion, if there is more than one motion)." For the same reasons we have found here, the Hawai'i Supreme Court agreed with the plaintiffs "that the July 11, 1995 order did not terminate class tolling in a 'sufficiently clear and unambiguous' way in order to 'put putative members of the class on notice that' the Hawai'i state statute of limitations had begun to run against them."[44] But, according to the Court, "the Texas district court's October 27, 1995 final judgment dismissing *Carcamo/Delgado* for f.n.c. clearly

---

[43] *Id.* at 966–67.
[44] *Id.* at 970–71.

denied class certification and triggered the resumption of our state statute of limitations."[45]

We respectfully disagree with the Fifth Circuit's and the Hawai'i Supreme Court's application of class action tolling to the unique circumstances of this case. Those courts gave no effect to the conditional nature of the dismissal resulting from the return jurisdiction clause in the Texas District Court's *Delgado I* opinion and order. The return jurisdiction clause allowed the Texas District Court to resume jurisdiction upon motion of the plaintiffs, which included resumption of its consideration of plaintiffs' class action certification request. Under our view of class action tolling, a conditional dismissal does not finally decide a pending request for class certification. Thus, neither the 1995 *Delgado I* opinion and order nor the 1995 *Delgado I* Final Judgment finally dismissed the request for class action certification.

## CONCLUSION

We answer the certified question in the negative. The Texas District Court's *Delgado I* opinion and order and the *Delgado I* Final Judgment did not stop class action tolling. Class action tolling ended when the Texas state court denied class certification on June 3, 2010. The Clerk of the Court is directed to transmit this opinion to the Third Circuit.

---

[45] *Id*. at 971.